# STRAFFORD,

## JULY TERM, A. D. 1849.

## PETITION OF BARRINGTON.

Upon a petition by a town for leave to discontinue a road, such of the original petitioners as prove by affidavit that they appeared as parties on the docket to resist the petition, are entitled to recover costs against the town, including the travel and attendance of witnesses, and the sums paid to the commissioners for their services, but no one who appeared as a party is entitled to be taxed as a witness.

PETITION for the discontinuance of a road.

The town of Barrington, by their petition, set forth that the town had voted to discontinue the road, laid out in that town, by the road commissioners, in 1847, upon the petition of Francis Winkley and others, and prayed the consent of the court to such discontinuance. Notice was ordered to be given to Francis Winkley and all others interested, to appear and show cause against the petition, by publication in a newspaper, and the order was complied with by the town. At the August term, Winkley and others appeared, and the petition was referred to the road commissioners for the county, who at a subsequent term, made their report against the discontinuance of the road, which report was accepted.

Whereupon Winkley and others, the original petitioners for the road, prayed for the allowance of their costs, and of the fees and charges by them paid to the road commissioners. The costs of Winkley and others were for travel and attend-

ance, and amounted to $96,10. The costs of the road commissioners amounted to $183,10. Winkley and others prayed that judgment might be rendered in their favor against the town of Barrington, to which the town objected, and objected, also, that some of the witnesses taxed in the bill were original petitioners for the road.

*Woodman*, for the original petitioners.

We move for costs under section 1 of chapter 191 of the Revised Statutes, which enacts that costs should follow the event of every action or petition, unless otherwise directed by law or by the court. We find only one case directly in point, which was in the county of Cheshire, in the court of common pleas, at the September term, 1848, where costs were allowed where the town recovered against the petitioners. In the petition of the town of Portsmouth, the road was not discontinued. The petitioners recovered against the town. The court gave a liberal construction to the statute. At the July term, 1848, in the case of *Sanborn* v. *Pierce*, where the court had no jurisdiction of the case, yet they awarded costs. That was an appeal from the judgment of a justice of the peace.

*Christie*, for the town.

We merely apply to the court for their consent to the discontinuance of the highway. This is not a proceeding *inter partes*, for in a legal sense, there is only one party. It is difficult to see against whom the costs should be taxed. Some of the original petitioners may have changed their opinions. If they now agree in opinion with the town, what is to be done? We do not deny that the petitioners have paid the commissioners their fees. They have seen fit to pay the claim which the commissioners have against the town, but this they have done at their own risk.

Any body may oppose the road, though not against it

originally, and any body may oppose the discontinuance, though not an original petitioner for the road.

There are various questions in the case difficult to be answered. Could an execution go against Francis Winkley and others? If so, what original petitioners shall be proceeded against? Shall it be those who petitioned the selectmen? Or those and others, perhaps, who petitioned the court? The truth is, that there could be nothing certain about the record. It would be impracticable to frame any process, or to show with any certainty who appeared and opposed the discontinuance, or to determine between what parties the judgment for costs should be made up.

*Woodman*, in reply.

All exceptions may be waived by the appearance of the parties on the docket. If there were an appearance for Winkley, there is no reason why judgment should not be rendered for him for his costs, although some of the petitioners may have changed their opinions. That should not control the rights of others. So if some of them have died, the names of the survivors should be entered on the docket. But all objections should be taken when the petitioners appear, according to the notice served on them by the town. The petitioners may or may not become parties to the record, but if they do become parties, they should recover their costs.

*Christie.* The notice is not given to Francis Winkley and others, on whose petition the road was laid out, but to Francis Winkley and all others interested.

GILCHRIST, C. J. If we inquire who are the parties in this case, the answer must be that there are none, strictly speaking, if we consider them in the relation of plaintiffs and defendants. They are persons who decidedly have the

public interests to subserve. But they may also have private and individual interests. In the latter capacity they are to be regarded as ordinary parties to a suit. All persons interested are notified to come in, and some of them appear. Evidence should be laid before the court by affidavits, showing who the persons are who wish to appear, and when that is done such persons are to be regarded as parties.

The general rule is, that costs should follow the event of every action or petition. The exception is, unless it is otherwise directed by law or by the court. In such a case as this, can it be said that the law directs otherwise? There is no difficulty in the case, even as to the form of proceeding. The notice is to be served upon the original petitioners for the highway.

If the town decline to pay the commissioners for their services, in the fear that the report may be unfavorable to them, the matter may never be brought to a close. In that case, they have the power in their own hands. There seems to be some analogy between this proceeding and the case of a report of referees. In such a case as that, either party may pay the referees for their services, and if he is the successful party, may tax them in his bill of costs against his opponent. We see no substantial reason why such a course may not be pursued in the present case, and it is not to be forgotten that it would be extremely wrong and unjust, that a matter of this kind should be litigated by a town without incurring any eventual liability for costs.

Those petitioners who appeared on the docket should recover costs against the town, including the travel and attendance of witnesses, and the sums paid to the commissioners, but no one who appeared as a party is to be taxed in the bill of costs as a witness.